IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER SEVEN |
| MICHAEL G. CESTONE and NANCI CESTONE, | : | BANKRUPTCY NO.: 5-12-bk-07222-JJT |
| DEBTORS | : | |
| JOHN J. MARTIN, Chapter 7 Trustee of the Estate of Michael and Nanci Cestone | : | {**Nature of Proceeding**: Defendant's Motion to Dismiss Complaint (Doc. #8)} |
| PLAINTIFF | : | |
| vs. | : | |
| FIRST NATIONAL COMMUNITY BANK, | : | |
| DEFENDANT | : | **ADVERSARY NO.: 5-13-ap-00232-JJT** |

# OPINION

The Plaintiff, John J. Martin, Bankruptcy Trustee of the Chapter 7 Debtors, Michael and Nanci Cestone, has filed a four count Complaint against the Defendant, the First National Community Bank, as follows: (I) avoidance of fraudulent transfer under § 544(b)(1); (II) voidability of transfer under the Pennsylvania Uniform Fraudulent Transfer Act (PUFTA); (III) objection to the Defendant's proof of claim; and (IV) turnover of the male Debtor's deferred compensation funds purportedly held by the Defendant. In response, the Bank has filed a Motion to Dismiss.

The Motion attacks Counts I and II as being barred by the applicable statute of limitations. The statute of limitations can be used to support a motion to dismiss. *In re Taylorcraft,* 163 B.R. 734 (Bkrtcy. M.D.Pa. 1993). In order to do so, however, that defense must be clear from the face of the pleadings. *Saylor v. Ridge*, 989 F. Supp. 680, 684 (E.D. Pa. 1998).

The question for me to answer is whether it is apparent that the statute of limitations ran prior to the adversary being filed. Paragraph 21 of the Complaint indicates that the Defendant entered a confession of Judgment on February 17, 2009, which judgment created a lien against the Debtors' real estate and, thus, effected the transfer in question.

In advancing its Rule 12 Motion to Dismiss, the Defendant argues that the Trustee's action under the fraudulent transfer provisions of § 548 of the Bankruptcy Code must be dismissed because it is beyond the two year limitation provided by the Bankruptcy Code in § 548(a)(1). While the Trustee's Complaint makes some passing reference to § 548 in paragraph 3, the thrust of Counts I and II appear to rely not on fraudulent conveyance under § 548 of federal bankruptcy law, but on state fraudulent conveyance law under 12 Pa.C.S.A. § 5104 in support of these Counts.

The Bank also argues that the Trustee's Complaint is beyond the four year statute of limitations applicable to 12 Pa.C.S.A. § 5104(a)(2). Section 108 of the Bankruptcy Code requires the Trustee to abide by the applicable statute of limitations, but allows that statute to be extended by as much as two years if it lapses during the pendency of the case. Simply stated, the Trustee has the limitations period, or two years from the Petition date, whichever is longer, to prosecute an action. The Debtors filed bankruptcy on December 19, 2012, and this Complaint was filed October 1, 2013. Since the cause of action is alleged to arise on February 17, 2009, this Complaint appears to have been filed within the four years limitation period provided by the Uniform Fraudulent Transfer Act. 12 Pa.C.S.A. § 5109. I find that the Motion to Dismiss Count II must be denied.

Moreover, in exercising the strong arm powers of the Trustee under § 544, the Trustee, in Count I, is simply bootstrapping on the underlying allegations raised in Count II, state law fraudulent transfer. The only statute of limitations applicable to § 544 is two years from the

order for relief or one year from the Trustee's appointment, whichever is longer, as specified in 11 U.S.C. § 546. Since this bankruptcy petition was filed on December 19, 2012, the filing of this Complaint is clearly within the limitation period governed by § 546.

The Bank appears to further argue that if the Debtors received "value" as defined by 12 Pa.C.S.A. § 5103(a), there is no cause of action under PUFTA. Section 5104(a) reads:

> § 5104. Transfers fraudulent as to present and future creditors
> (a) General rule.--A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:
> (1) with actual intent to hinder, delay or defraud any creditor of the debtor; or
> (2) without receiving a *reasonably equivalent value* in exchange for the transfer or obligation, and the debtor:
> (i) was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or
> (ii) intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due.

12 Pa.C.S.A. § 5104 (Emphasis mine)

It is clear that the Debtors' receipt of "value" is only the first inquiry that must be made – the next inquiry is whether that value was a "reasonably equivalent value." See, for example, *In re R.M.L., Inc.*, 92 F.3d 139 (3rd Cir. 1996), which analyzes this issue under the federal bankruptcy law, a model for the Uniform Fraudulent Conveyance Act.

The Bank further raises an issue which requires me to go outside the Complaint and examine an alleged "reaffirmation" supplied by the Bank to conclude that the Debtors, and thus the Trustee, waived certain defenses. The Bank's argument sounds like an affirmative defense best argued in a responsive pleading. Federal Rule of Civil Procedure 8(c).

In similar fashion, the Bank further advances that Count IV of the Trustee's Complaint

seeking turnover of deferred compensation funds should be dismissed because the terms of the deferred compensation plan would support the argument that this is not property of the estate. I, again, would have to consider matters outside the four corners of the Complaint. This I am hesitant to do in disposing of this Rule 12 Motion unless there be an agreement that the plan, attached to the Bank's Motion to Dismiss is "undisputedly authentic." *Pension Ben. Guar. Corp. v. White Consol. Industries, Inc*. 998 F.2d 1192, 1196 (3rd Cir. 1993). Regardless, even if I were to agree that there is no "fund" held by the Bank for the benefit of the male Debtor, the Bank appears to acknowledge that the Trustee as successor to a Debtor, may be an unsecured creditor of the Bank which would be relevant to claims litigation as well as the Trustee's collection efforts. (Defendant's Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6), Doc. #8 at Ex. E).

The Bank further raises the defense that, if required to turnover the Fund, then it could assert a setoff claim. This is best disposed of by way of defense or counterclaim and not by disposition under Rule 12.

In short, the Bank's Rule 12 Motion is not supported by the authorities and must be denied.

My Order will follow.

By the Court,

Date: March 7, 2014

John J. Thomas, Bankruptcy Judge
(CMS)